### WATERMAN v HARTLEY et

Ohio Appeals, 2nd Dist, Franklin Co
No. 2061. Decided June 29, 1931

David Peiros, Columbus, for Waterman.
W. S. Page and T. J. Hartley, Columbus, for Hartley et.

LEVINE, J (8th Dist),
sitting for KUNKLE, J.

**ALLREAD, J.**

In our opinion, there is only one judgment, and that is the judgment of the Court of Common Pleas in favor of the plaintiffs, Hartley and Page, and against the defend-

ant, Lenora Waterman.

It must be noted that the case in the Municipal Court was brought by the plaintiff upon the joint claim against Clarence L. Waterman and Lenora Waterman. The court by its judgment severed the joint claim and rendered a judgment in favor of plaintiff against Clarence L. Waterman and in favor of the defendant, Lenora Waterman. When the plaintiff undertook to appeal to the Court of Common Pleas from the Municipal Court he undertook to appeal a joint case against both Lenora Waterman and Clarence L. Waterman.

It is true that in the appeal he referred to the cause of action stated against Lenora Waterman as the judgment appealed from. Nevertheless, the case appealed would be the joint case against both the defendants. There was no motion to dismiss the appeal for the reason that the appellants undertook to limit their appeal.

Upon a careful consideration of the case we reach the conclusion that the plaintiff in Municipal Court, having appealed this joint claim for judgment against Clarence L. Waterman and Lenora Waterman brought up the entire case.

This proposition is established by the following cases: **Leather Company v Packing Company, 13 C. C. N. S. 292; State ex rel v Vail, Clerk of Courts, 25 C. C. N. S. 408;** Pruden v Sewell, 5th Bulletin, 517; McGowan v McGowan Pump Company, 6th Bulletin, 538.

The plaintiffs having filed their petition on appeal in the Court of Common Pleas they elected to pursue a judgment against Lenora Waterman. The judgment of the Municipal Court against Clarence L. Waterman was vacated by the appeal and has not been reinstated by the Court of Common Pleas, the plaintiff electing to pursue only the defendant, Lenora Waterman. There was no notice required of the appeal and the parties were bound to take notice of the subsequent proceedings in relation to the appeal.

The case remained pending in the Court of Common Pleas for several months and finally a default judgment was rendered in favor of the plaintiffs against the defendant, Lenora Waterman. In our opinion there is only one judgment and that is the judgment of the Court of Common Pleas in favor of the plaintiffs, Hartley and Page, and against the defendant, Lenora Waterman. If we are wrong in this we assert that the rendition of the second judgment against Lenora Waterman is the same as if the Municipal Court had rendered said judgment, that is that the claim against Clarence L. Waterman and Lenora Waterman was a joint claim and that the judg-

ment against Lenora Waterman simply entitles the plaintiff to a joint judgment against her and Clarence L. Waterman so that in any event it cannot be claimed that the judgment against her was in excess of the jurisdiction of the Municipal Court. The case here is an appeal to the Court of Common Pleas and the appeal is favorably construed. In the absence of a motion to dismiss the appeal the Court of Common Pleas had jurisdiction over the action. We therefore hold that the judgment of the Court of Common Pleas against Lenora Waterman was not in excess of the jurisdiction of the Court of Common Pleas; that the default judgment against Lenora Waterman was properly made by the Court of Common Pleas, and that the motions of Lenora Waterman that the same be opened up and set aside for the reasons therein stated were properly overruled.

Judgment affirmed.

HORNBECK and LEVINE, JJ, concur.